Gustavo Adolfo **TORRES–ABRIL**; et al., Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75247.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexandru A. Cristea, Esquire, Downey, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stuart Nickum, Trial, DOJ–U.S. Department of Justice, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Gustavo Adolfo Torres–Abril, his wife Yeheyni Pinzon, and their minor children, natives and citizens of Colombia, petition for review the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Fedunyak v. Gonzales,* 477 F.3d 1126, 1127 (9th Cir.2007). We grant the petition for review.

The IJ erroneously concluded that at least one threat to Torres–Abril was made by a business competitor of Torres–Abril's employer. However, Torres–Abril never testified that the competing business threatened him. Rather, the record shows

that after Torres–Abril formally objected to a military contract, he began receiving threatening phone calls from the military. Based on this misunderstanding, the IJ found that the events constituted a private dispute and that there was no nexus to a protected ground. Therefore, substantial evidence does not support the IJ's nexus finding because threats against Torres–Abril may not have been based on a private contract dispute.

Accordingly, we remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

